IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 7 2008 TC
6-27-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| General Electric Capital Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 08-CV-2013 |
| | ) | |
| Sioux Printing, Inc., | ) | Hon. Suzanne B. Conlon |
| | ) | |
| Defendant. | ) | |

**DEDENDANT SIOUX PRINTING'S ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant Sioux Printing, Inc. ("Sioux Printing"), through its attorney, answers Plaintiff's Complaint as follows:

**NATURE OF ACTION**

1. This action arises out of SIOUX's refusal and failure to perform its obligation as lessee under an equipment lease with GECC.

ANSWER TO PARAGRAPH 1: The allegations in Paragraph 1 are not factual in nature, call for a legal conclusion, and are denied.

**JURISDICTION AND VENUE**

2. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business located ay 44 Old Ridgebury Rd., Danbury, CT 06810.

ANSWER TO PARAGRAPH 2: Sioux Printing lacks information sufficient to form a belief as to the truth of the

allegations of Paragraph 2.

3. Upon information and belief, Defendant SIOUX PRINTING, INC. is a corporation organized under the laws of the State of South Dakota, with its principal place of business at 500 East 52nd Street North, Sioux Falls, SD 57104.

ANSWER TO PARAGRAPH 3:   Admitted.

4. Jurisdiction in this Court is proper under 28 U.S.C. §1332(a)(1) as the parties are citizens of different state[sic] and the total amount in controversy exceeds $75,000.00 exclusive of interest and costs that may be heard by this Court.

ANSWER TO PARAGRAPH 4:   Sioux Printing lacks information sufficient to form a belief as to the truth of the factual and legal allegations contained in Paragraph 4.

5. Venue in this Court is proper pursuant to paragraph 22(j) of the Master Lease Schedule entered into by the parties on September 15, 1998.

ANSWER TO PARAGRAPH 5:   Admitted.

### COUNT I

**BREACH OF CONTRACT, LEASE SCHEDULE #980916**

6. On or about September 15, 1998, SIOUX entered into a Master Lease Agreement ("MLA") with GECC (see Exhibit A attached). The MLA contained two (2) separate schedules that each included different pieces of equipment. Pursuant to Equipment Schedule No. 001 ("Schedule I"), GECC agreed to lease to SIOUX that certain equipment listed on Equipment Rider 001 and made a part of Schedule I, and SIOUX agreed to pay $2,404,490.00 over a term of ninety-six (96) months. A true and correct copy of Schedule I is attached hereto and incorporated herein as Exhibit B.

Footnote to Paragraph 6: The MLA was originally entered into between non-party MAN Capital Corporation and Defendant. MAN Capital Corporation subsequently assigned its interests to MAN Portfolio Services Inc. and MAN Portfolio Services Inc. later assigned its interests to Plaintiff herein.

ANSWER TO PARAGRAPH 6: Sioux Printing admits that Exhibits A and B to the Complaint are copies of a MLA dated September 15, 1998 and Schedule I, the terms of which speak for themselves. Sioux Printing admits the allegations in the first sentence of the footnote to Paragraph 6. Sioux Printing lacks information sufficient to form a belief as to the truth of the remaining allegations of the footnote to Paragraph 6.

7. Pursuant to paragraph 9 of the MLA, SIOUX agreed to always apprise GECC of the location of the Schedule I Equipment, and pursuant to paragraph 13 of the MLA, SIOUX agreed to keep the Schedule I Equipment "free from any and all liens and encumbrances." Pursuant to the terms of the MLA, SIOUX also agreed to pay the taxes on the Schedule I Equipment (MLA paragraph 14), and to insure the Schedule I Equipment (MLA paragraph 10).

ANSWER TO PARAGRAPH 7: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15, 1998, the terms of which speak for themselves.

8. Upon default of the MLA, SIOUX agreed to pay: (a) a late charge (MLA paragraph 3); (b) any unpaid balance (MLA paragraph 18(b)(i)); (c) the accelerated balance of any and all amounts due under Schedule I (MLA paragraph 18(b)(ii)); and (d) attorneys' fees and costs incurred by GECC (MLA paragraph I8(c)).

ANSWER TO PARAGRAPH 8: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15,

1998, the terms of which speak for themselves.

      9.  Upon default of the MLA, SIOUX also agreed to surrender possession of the Schedule I Equipment and to reimburse GECC for the costs related to such repossession (MLA paragraph 18(b)).

ANSWER TO PARAGRAPH 9: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15, 1998, the terms of which speak for themselves.

      10.  GECC has performed its obligations pursuant to the terms of the MLA by, among other things, supplying the Schedule I Equipment to SIOUX. SIOUX acknowledged receipt of the Schedule I Equipment by a Certificate of Acceptance. (See Exhibit C attached).

ANSWER TO PARAGRAPH 10: Sioux Printing admits that GECC supplied the Schedule I Equipment to Sioux Printing. Sioux Printing admits that Exhibit C to the Complaint is a copy of a Certificate of Acceptance, the terms of which speak for themselves

      11.  SIOUX breached the MLA by failing to make monthly installment payments on Schedule I beginning on or about January 15, 2008. Said failure constitutes a "default" pursuant to paragraph 17 of the MLA.

ANSWER TO PARAGRAPH 11: The allegations in Paragraph 11 call for a legal conclusion and are denied.

      12.  As a result of the aforementioned default, as of April 3, 2008, GECC claimed as due and owing pursuant to Schedule I, $1,219,114.60, which is based on: (a) the past due unpaid balance of $40,000.00; plus (b) the accelerated balance of all amounts due under Schedule I, discounted to present value, totaling $1,173,746.60; plus (c) late charges totaling $3,000.00; and taxes of (d) $2,368.00.

4

ANSWER TO PARAGRAPH 12: The allegations in Paragraph 12 call for legal conclusions and are denied.

13. The foregoing sum was demanded from SIOUX, and SIOUX failed and refused to pay said sum, which sum remains due and owing.

ANSWER TO PARAGRAPH 13: Denied.

14. As a result of the aforementioned default, GECC now also claims: (a) statutory interest at a rate of 5% per annum on the aggregate principal amount of $40,000.00, which interest amounts to $432.92 from January 15, 2008, through April 3, 2008, for unreasonable and vexatious delay of payment pursuant to Illinois Compiled Statutes, Chapter 815, §205/2; said interest continues to accrue at a rate of $5.48 per day; and (b) attorneys' fees and costs incurred by GECC.

ANSWER TO PARAGRAPH 14: The allegations in Paragraph 14 call for legal conclusions and are denied.

## COUNT II

### BREACH OF CONTRACT LEASE SCHEDULE #990428

15. Plaintiff repeats, realleges and incorporates herein by reference each of the allegations contained in the foregoing paragraphs 1 through 14 of this Complaint, inclusive, as if fully set forth herein.

ANSWER TO PARAGRAPH 15: Sioux Printing incorporates its answers to the allegations in paragraphs 1 through 14 of the Complaint as though fully set forth herein.

16. Pursuant to Equipment Schedule No. 002 ("Schedule II"), GECC agreed to lease to SIOUX that certain equipment listed on Equipment Rider 002 and made a part of Schedule II, and SIOUX agreed to pay $2,599,361.00

5

over a term of ninety-six (96) months. A true and correct copy of Schedule H is attached hereto and incorporated herein as Exhibit D.

ANSWER TO PARAGRAPH 16: Sioux Printing admits that Exhibit D to the Complaint is a copy of an Equipment Schedule No. 002 dated September 15, 1998, the terms of which speak for themselves.

    17.   Pursuant to paragraph 9 of the MLA, SIOUX agreed to always apprise GECC of the location of the Schedule II Equipment, and pursuant to paragraph 13 of the MLA, SIOUX agreed to keep the Schedule II Equipment "free from any and all liens and encumbrances." Pursuant to the terms of the MLA, SIOUX also agreed to pay the taxes on the Schedule II Equipment (MLA paragraph 14), and to insure the Schedule H Equipment (MLA paragraph 10).

ANSWER TO PARAGRAPH 17: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15, 1998, the terms of which speak for themselves.

    18.   Upon default of the MLA, SIOUX agreed to pay: (a) a late charge (MLA paragraph 3); (b) any unpaid balance (MLA paragraph 18(b)(i)); (c) the accelerated balance of any and all amounts due under Schedule H (MLA paragraph 18(b)(ii)); and (d) attorneys' fees and costs incurred by GECC (MLA paragraph 18(c)).

ANSWER TO PARAGRAPH 18: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15, 1998, the terms of which speak for themselves.

    19.   Upon default of the MLA, SIOUX also agreed to surrender possession of the Schedule II Equipment and to reimburse GECC for the costs, including refurbishment of the Schedule II Equipment, related to such repossession (MLA paragraph 18(b)).

ANSWER TO PARAGRAPH 19: Sioux Printing admits that Exhibit A to the Complaint is a copy of a MLA dated September 15, 1998, the terms of which speak for themselves.

20. GECC has performed its obligations pursuant to the terms of the MLA by, among other things, supplying the Schedule II Equipment to SIOUX. SIOUX acknowledged receipt of the Schedule If Equipment by a Certificate of Acceptance. (See Exhibit E attached).

ANSWER TO PARAGRAPH 20: Sioux Printing admits that GECC supplied the Schedule II Equipment to Sioux Printing. Sioux Printing admits that Exhibit E to the Complaint is a copy of a Certificate of Acceptance, the terms of which speak for themselves.

21. SIOUX breached the MLA by failing to make monthly installment payments on Schedule II beginning on or about January 15, 2008. Said failure constitutes a "default" pursuant to paragraph 17 of the MLA.

ANSWER TO PARAGRAPH 21: The allegations in Paragraph 21 call for a legal conclusion and are denied.

22. As a result of the aforementioned default, as of April 3, 2008, GECC claimed as due and owing pursuant to Schedule II $1,454,231.00, which is based on: (a) the unpaid balance of $60,000.00; plus (b) the accelerated balance of all amounts due under Schedule II, discounted to present value, totaling $1,387,679.00; (c) late charges totaling $3,000.00; and (d) taxes of $3,552.00.

ANSWER TO PARAGRAPH 22: The allegations in Paragraph 22 call for legal conclusions and are denied.

23. The foregoing sum was demanded from SIOUX, and SIOUX failed and refused to pay said sum, which sum remains due and owing.

ANSWER TO PARAGRAPH 23: Denied.


24. As a result of the aforementioned default, GECC now also claims: (a) statutory interest at a rate of 5% per annum on the aggregate principal amount of $60,000.00, which interest amounts to $649.38 from January 15, 2008, through April 3, 2008, for unreasonable and vexatious delay of payment pursuant to Illinois Compiled Statutes, Chapter 815, §205/2; said interest continues to accrue at a rate of $8.22 per day; and (b) attorneys' fees and costs incurred by GECC.


ANSWER TO PARAGRAPH 24: The allegations in Paragraph 24 call for legal conclusions and are denied.


## **AFFIRMATIVE DEFENSES**

Sioux Printing asserts the following affirmative defenses to the Complaint without affecting the appropriate burden of proof and otherwise without waiver, limitation, prejudice or right to amend:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

3. The Complaint is barred by the doctrine of laches.

4. Defendant is entitled to the equitable relief of reformation.

5. Plaintiff is not entitled to recovery because it failed to mitigate its damages.

6. The Complaint is barred by the doctrines of waiver and modification.

June 27, 2008                                  Respectfully submitted,

*/s/ Melissa S. Widen*
Melissa S. Widen, Esq.
1725 West Wellington
Chicago, Illinois 60657
773.294.1000
773.935.4275 (fax)
Attorney for Defendant Sioux Printing

## CERTIFICATE OF SERVICE

I certify that on this 27th day of June, 2008, I served the foregoing **Defendant Sioux printing's Answer and Affirmative Defenses** via First Class United States Mail, postage prepaid to the following:

> Patricia E. Rademacher, Esq.
> Coston & Rademacher
> 105 W. Adams, Suite 1400
> Chicago, IL 60603

*/s/ Melissa Swider*