UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation )))) | |
| Plaintiff, )) | |
| ) | CASE NO.   2008-CV-2013 |
| v. )) | |
| SIOUX PRINTING, INC., a South Dakota corporation )))) | |
| Defendant. ) | |

## NOTICE OF MOTION

To:   Melissa S. Widen                     Clair Gerry
      1725 West Wellington              Stuart, Gerry & Schlimgen
      Chicago, IL 60657                    PO Box 966
                                                        Sioux Falls, SD  57101

**PLEASE TAKE NOTICE THAT** on the 22nd day of July, 2008 at 9:00 a.m., we shall appear before the Honorable Judge Suzanne B. Conlon presiding in Room 1743 at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois, 60604 and then and there present Plaintiff's Motion to Strike Affirmative Defenses, a copy of which is attached hereto and herewith served upon you.

                              GENERAL ELECTRIC CAPITAL CORPORATION


                              By:  /s/  Patricia E. Rademacher
                                       One of its Attorneys

Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL  60603
Telephone:  (312) 205-1010

## CERTIFICATE OF SERVICE

      I, Patricia E. Rademacher, an attorney, certify that I served a copy of this Certificate of Service and attached Notice of Hearing and Motion to Strike via electronic delivery on the ECF system and First Class mail to:

Melissa S. Widen
1725 West Wellington
Chicago, IL 60657

Clair Gerry
Stuart, Gerry & Schlimgen
PO Box 966
Sioux Falls, SD 57101

By causing said documents to be placed into a properly addressed envelope and depositing the same in the U.S. Mail depository at 105 W. Adams, Chicago, Illinois 60603, with proper postage prepaid, at or before 5:00 p.m. on July 15th, 2008.


                        GENERAL ELECTRIC CAPITAL CORPORATION


                        By: /s/ Patricia E. Rademacher
                              One of its Attorneys

Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL 60603
Telephone: (312) 205-1010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation <br><br> Plaintiff, <br><br> v. <br><br> SIOUX PRINTING, INC., a South Dakota corporation <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO.   2008-CV-2013 |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES OF DEFENDANT SIOUX PRINTING**

**NOW COMES** Plaintiff, GENERAL ELECTRIC CAPITAL CORPORATION ("GECC"), by and through its attorneys, COSTON & RADEMACHER, and for its Motion (the "Motion") to Strike the Affirmative Defenses of Defendant, SIOUX PRINTING ("SIOUX"), states as follows:

**I.  INTRODUCTION**

On or about April 9, 2008, Plaintiff GECC filed its Complaint against SIOUX in the above-captioned cause. The subject of the Complaint was Defendant's breach of contract as related to a Master Lease Agreement between the parties.

On or about June 27, 2008, Defendant filed its Answer and Affirmative Defenses. Defendant's six (6) Affirmative Defenses are as follows: (1) The complaint fails to state a claim upon which relief can be granted; (2) The complaint is barred, in whole or in part, by the doctrine of accord and satisfaction; (3) The complaint is barred by the doctrine of laches; (4) Defendant is entitled to the equitable relief of reformation; (5) Plaintiff is not entitled to recovery because it

failed to mitigate damages; and (6) The complaint is barred by the doctrines of waiver and modification.

As shall be illustrated below, despite the contentions of the Affirmative Defenses, GECC is absolutely entitled to enforce the Master Lease Agreement entered into by the parties.

## II. ARGUMENT

**A.     General standards**

**1.     Standards for dismissal under the Federal Rules of Civil Procedure 12(f)**

Affirmative defenses are pleadings that must comply with the Federal Rules of Civil Procedure by including a short and plain statement of the basis for the defense. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 12(f) allows the court to strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Even though courts generally disfavor motions to strike because of their potential to cause delay, striking affirmative defenses may also increase efficiency if those pleadings provide only "unnecessary clutter." Heller, 883 F.2d at 1294. Such a motion should therefore not be granted unless the defense is "patently defective" on the face of the pleadings. Bobbit v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982).

Courts in this district have applied a three-part test when assessing the sufficiency of an affirmative defense. Under that test the matter must be properly pleaded as an affirmative defense; it must comply with Rules 8 and 9; and it must withstand a Rule 12(b)(6) challenge. Bobbit, 532 F. Supp. at 737. Applying the three-part test set out in *Bobbit*, Defendant's affirmative defenses appear to be nothing more than bare bones conclusory allegations. Defendant failed to include a short and plain statement of facts and failed to allege the necessary

elements of the defenses. Defendant's affirmative defenses are not properly pled and they are legally insufficient.

For reasons already discussed in the foregoing Introduction to this Motion and the arguments following, Defendant's Affirmative Defenses should be stricken pursuant to Fed. R. Civ. P. 12(f).

**B.    Defendant's Affirmative Defenses**

**1.    The Complaint fails to state a claim upon which relief may be granted.**

Defendant has failed to adequately plead this defense in accordance with Fed R. Civ. P. 8. The Court in Renalds v. S.R.G. Restaurant Group, Chicago, LLC, 119 F. Supp. 2d 800, 803-04 found that, "as alleged, the defense provided no explanation as to how and in what portion of the complaint Plaintiff has failed to state a claim." Similarly, the court in Codest Eng'g v. Hyatt Int'l Corp., 954 F. Supp. 1224, 1231 found it appropriate to strike a failure to state a claim defense that did not refer to any particular count of the complaint and did not notify plaintiff of any specific infirmities in the complaint. Defendant's First Affirmative Defense provides no explanation and therefore, should be stricken as it improperly pled and it is legally insufficient.

**2.    The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.**

Merely stringing together a long list of legal defenses is insufficient to satisfy Fed. R. Civ. Pro. 8(a). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion (laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which after all is the goal of notice pleading." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Defendant does not provide any details or elements to

establish this defense and therefore, Defendant's Second Affirmative Defense should be stricken as it improperly pled and it is legally insufficient.

    **3.    The Complaint is barred by the doctrine of laches.**

"Laches like estoppel requires more than defendants have alleged-and as with defendants' stricken estoppel defense, the missing ingredient is a detrimental change that makes it inequitable to grant relief." Bobbit v. Victorian House, Inc., 532 F. Supp. 734, 739 (N.D. Ill. 1982). To state that the complaint is barred by the doctrine of laches without further supporting information is not enough to qualify as an affirmative defense and therefore, Defendant's Third Affirmative Defense should be stricken as it improperly pled and it is legally insufficient.

    **4.    Defendant is entitled to the equitable relief of reformation.**

Merely stringing together a long list of legal defenses is insufficient to satisfy Fed. R. Civ. Pro. 8(a). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion (laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which after all is the goal of notice pleading." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Defendant does not provide any details or elements to establish this defense and therefore, Defendant's Fourth Affirmative Defense should be stricken as it improperly pled and it is legally insufficient.

    **5.    Plaintiff is not entitled to recovery because it failed to mitigate its damages.**

The Court in Codest Eng'g v. Hyatt Int'l Corp., 954 F. Supp. 1224, 1230-31 struck a failure to mitigate defense and stated that, "Although the federal system of notice pleading requires only that the defendant notify the plaintiff of the nature of its defense, the defendant in this case has not provided any, let alone enough, facts to put the plaintiff on notice of the events

on which it bases its claim of failure to mitigate damages". The case at hand is identical in that Defendant has no provided no facts or other information to apprise Plaintiff of what Defendant believed Plaintiff was required to do to mitigate. Therefore, Defendant's Fifth Affirmative Defense should be stricken as it improperly pled and it is legally insufficient.

**6.     The Complaint is barred by the doctrines of waiver and modification.**

Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense. Merely stringing together a long list of legal defenses is insufficient to satisfy Fed. R. Civ. Pro. 8(a). "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion (laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which after all is the goal of notice pleading." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Defendant does not provide any details or elements to establish this defense and therefore, Defendant's Sixth Affirmative Defense should be stricken as it improperly pled and it is legally insufficient.

**WHEREFORE**, Plaintiff, GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, prays that the Affirmative Defenses of Defendant SIOUX PRINTING, INC., a South Dakota corporation, be stricken and for such further legal and equitable relief as this Court deems appropriate.

                                                  GENERAL ELECTRIC CAPITAL CORPORATION

                                                  By: /s/ Patricia E. Rademacher
                                                       One of its Attorneys

Patricia E. Rademacher (06205831)
Maysoun Iqal (005855)
COSTON & RADEMACHER
105 W. Adams, Suite 1400
Chicago, IL  60603
Telephone:  (312) 205-1010